UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CVS CORPORATION, et al.,          ) | |
|                Plaintiffs,          ) | |
| v.          ) | No. 3:04-CV-334 |
|        )   | (Phillips/Shirley) |
| IVAN'S SAVE-A-LOT COMPANY,          ) | |
|               Defendant.          ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 14] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiffs' Motion to Compel Answers to Interrogatories and Request for Production of Documents. [Doc. 11]. The undersigned conducted a telephonic hearing on this motion on October 27, 2005.

Plaintiffs served the Defendant on July 13, 2005, with Plaintiffs' First Set of Interrogatories and Request for Production of Documents. No response was forthcoming, and on September 14, 2005, Plaintiffs filed a motion to compel the requested discovery. [Doc. 11]. The parties submitted an Agreed Order, which the Court subsequently entered, permitting the Defendant until October 7, 2005 to file its responses to Plaintiffs' discovery requests. [Doc. 6]. Despite the Court's Order, however, the Defendant did not provide the requested discovery by October 7, 2005, nor did it file any response to the motion to compel. On October 19, 2005, the Court set a hearing

on the motion for October 27, 2005. By the time of the hearing, Defendant still had not responded to Plaintiffs' discovery requests or the motion to compel.

During the hearing, Defendant's counsel stated that the interrogatories had been sent to his client for signature but had never been returned. Defendant's counsel has made no effort to provide Plaintiffs with an unsigned copy of these responses, and no other excuse was provided for the failure to respond to these requests.

As sanction for the failure to respond to the Plaintiffs' interrogatories and request for production of documents, Plaintiffs request that the Defendant be barred from presenting any evidence at trial to suggest that any other person was responsible for the fire. Specifically, Plaintiffs request (1) that the Court strike all of Defendant's affirmative defenses, which were the subject of interrogatories nos. 7, 8, 9, and 10; (2) that the Court preclude the Defendant from introducing any testimony or other evidence regarding the power strip, which was the subject of interrogatory no. 18, and which the Plaintiffs claim the Defendant had in its possession but subsequently disposed of before the Plaintiff had any opportunity to inspect it; and (3) that the Court order the parties to mediation. Plaintiffs' counsel requested no further relief with regard to the motion to compel.

In response to the Plaintiffs' request for relief, counsel for the Defendant stated that the Defendant did not have any affirmative defenses with respect to the cause of the fire. As for Plaintiffs' request for an order to mediate, Defendant's counsel stated that he did not care whether they mediated the case or not.

For good cause shown, Plaintiffs' Motion to Compel [Doc. 11] is **GRANTED**. Defendant has made no attempt to comply with the Rules of Civil Procedure in responding to either Plaintiffs' discovery requests or the motion to compel. Accordingly, the Court finds that the

2

Defendant should be precluded at trial (1) from asserting any affirmative defense that any other person is responsible for the cause of the fire and (2) from presenting any evidence regarding the power strip. See Fed. R. Civ. P. 37(d).

Furthermore, the Court finds that this case is suitable for mediation. See E.D. TN LR 16.4(a). Accordingly, it is hereby **ORDERED** that the parties shall participate in mediation. Such mediation shall take place on or before **November 30, 2005**. If the parties cannot agree on a mediator by November 15, 2005, the parties shall contact the Court to request the appointment of a mediator pursuant to Local Rule 16.4(o).

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge